IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN NALIWAJKO,          ) | |
|        **Plaintiffs,**     ) | |
|                     ) | |
|       **v.**               ) | |
|                     ) | **1:17-cv-06012** |
| **ADVOCATE HEALTHCARE, a.k.a.**    ) | |
| **ADVOCATE HEALTH AND HOSPITAL**    ) | |
| **CORPORATION, ADVOCATE MEDICAL**    ) | |
| **GROUP, ADVOCATE OCCUPATIONAL**    ) | |
| **HEALTH,**                     ) | |
|        **Defendants**.       ) | |

## COMPLAINT FOR AGE DISCRIMINATION AND DISABILITY DISCRIMINATION

Plaintiff John Naliwajko brings forth the following cause of action and allegations against Advocate Healthcare, ("Advocate), a.k.a. Advocate Health and Hospital Corporation ("AHHC"), Advocate Medical Group ("AMG") and AMG Occupational Health Clinics ("AOHC") (collectively referred to as "Defendants") as follows:

## INTRODUCTION

1.      This action is brought pursuant to the prohibition of age discrimination of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). Defendants wrongfully denied Plaintiff's application for fulltime positions with the Defendants that he was more than qualified for because he is older than forty (40) years old and in favor of younger employees in violation of the ADEA.

2.      Additionally, in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et. seq.* ("ADA") Defendants denied Plaintiff's application for fulltime employment positions that he was more than qualified for because of his disability in favor of employees who did not suffer from disabilities in violation of the ADA.

1

## JURISDICTION AND VENUE

3.      This action arises under the ADEA and ADA.

4.      The court has subject matter jurisdiction over Defendants pursuant to 28 U.S.C. § 1331 and 1337.

5.      The venue is proper in the Northern District of Illinois, Eastern Division since the unlawful practices occurred within this District pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

6.      Plaintiff is a 58-year-old citizen of the United States, residing in the city of Glen Ellyn, Illinois, DuPage County and is an employee of the Defendants.

7.      Defendant Advocate is a not-for-profit corporation organized in Illinois and has conducted business within this judicial district, where some or all of the events in question transpired. Defendant Advocate engaged in the business of providing healthcare service to the public. At all times relevant, Defendant Advocate has continually had in excess of twenty (20) employees working in the Northern District of Illinois and has been an employer engaged in an industry affecting commerce within the meaning of the ADEA and ADA.

8.      Defendant AHHC at all times relevant is a division of Defendant Advocate and has conducted business within the Northern District of Illinois, where some or all of the events in question transpired. Defendant AHHC engaged in the business of providing health care service to the public. At all times relevant, Defendant AHHC has continually had in excess of twenty (20) employees in the Northern District of Illinois and has been an employer engaged in an industry affecting commerce within the meaning of the ADEA and ADA.

9.      Defendant AMG at all times relevant is a division of Defendant Advocate and has conducted business within the Northern District of Illinois, where some or all of the events in

question transpired. Defendant AMG engaged in the business of providing health care service to the public. At all times relevant, Defendant Advocate has continually had in excess of twenty (20) employees in the Northern District of Illinois and has been an employer engaged in an industry affecting commerce within the meaning of the ADEA and ADA.

10.     Defendant AOHC at all times relevant is a division of Defendant Advocate. Defendant AOHC has conducted business within the Northern District of Illinois, where some or all of the events in question transpired.  Defendant AOHC has been engaged in the business of providing healthcare service to the public. Defendant AOHC is a physician led medical group and one of the largest health care providers in Illinois and the Chicago area. Defendant AOHC operates at least seven (7) clinics in the Chicago area. At all times relevant, Defendant AOHC has continually had in excess of twenty (20) employees in the Northern District of Illinois and has been an employer engaged in an industry affecting commerce within the meaning of the ADEA and ADA.

## FACTS COMMON TO ALL COUNTS

11.     Plaintiff worked as a Radiology Technician II fulltime for the Defendants from February 25, 1992 until August 19, 2011.  As a Radiology Technician II, Plaintiff performed routine and advanced radiology procedures on designated portions of the body for use by physicians in diagnosing and treating patient illness or injury.

12.     On or about April 11, 2011, Plaintiff went on medical disability leave for treatment of a debilitating heart condition.

13.     On or about August 16, 2011, while still on medical leave and unable to return to work, Plaintiff's supervisor Patricia Eisen wrote to inform him that he would be terminated from his

position at Defendant AOHC effective August 19, 2011. (A true and copy of the August 16, 2011 termination letter is hereto attached as Exhibit A)

14.     On or about October 6, 2011, after recovering from his heart surgery and undergoing rehabilitation, Plaintiff's physician cleared him to return to full time work without any restrictions.

15.     On or about November 4, 2011, Plaintiff applied for available fulltime positions as a Radiology Technician or Radiology Technologist with Defendants, the position that he held with Defendants prior to his termination. (A true and correct copy of his job application is hereto attached as Exhibit B)

16.     On or about November 14, 2011, Plaintiff began working part-time for Defendants as an "as needed" registry technologist.  As a part-time employee, Plaintiff worked a minimum of two days a week.

17.     While working part-time for Defendants, Plaintiff applied for at least thirty (30) posted open fulltime employment positions with Defendants.

18..    Plaintiff applied for at least six Radiology Technician or Radiology Technologist positions.  (A true and correct copy of emails confirming his Plaintiffs job applications and Defendants' responses to the job applications are hereto attached as Exhibit C)

19.     Plaintiff also applied for several posted open support positions with Defendants that he was more than qualified for.  The positions that he applied for included at least one Contact Center Agent II position, at least one Certified Medical Assistant position, at least one AMB Phlebotomist-Float position, at least one Coordinator Patient Services position, at least one Support Services position, at least one Lifeguard Wellness Center position and at least one

Courier position. (A true and correct copies of the emails confirming his online application for the positions are hereto attached as Exhibit D)

20.    From July 24, 2014 to February 7, 2015, because of another debilitating heart condition that required treatment, surgery and rehabilitation, Plaintiff was unable to work part-time for Defendants.

21.    On April 6, 2017, after applying for a fulltime Radiology Technician I position, Defendants offered Plaintiff a fulltime position at the Defendants' Illinois Masonic Medical Center facility which he accepted.

## COUNT I
## DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 623(a)

22.    Plaintiff hereby incorporates and re-allege the allegations in paragraph 1 through 21 as if the allegations are set forth herein.

23.    At 58-years-old, Plaintiff is covered by ADEA's protected class of workers over 40 years of age.

24.    From November 14, 2011 to April 6, 2017, Plaintiff applied for at least 30 available fulltime positions with Defendants as a Radiology Technician or Radiology Technologist, positions that he had the qualifications and experience for, and other available fulltime positions that he was more than qualified for.

25.    Until April 6, 2017, Defendants denied hiring Plaintiff to the fulltime positions he had applied for and hired younger less qualified employees for the positions.

26.    Defendants unlawfully discriminated against Plaintiff when it denied him fulltime employment based on his age.

27.     As a proximate result of Defendants' actions, Plaintiff has suffered severe economic losses, including loss of fulltime employment, future pay, overtime pay, vacation days, and benefits.

28.     On July 3, 2014, Plaintiff filed his initial charge of age discrimination with the EEOC.

29.     On or about July 3, 2014, the EEOC investigated Plaintiff's charges and on May 21, 2017, Plaintiff received his right to sue letter. This action is filed within 90-days of Plaintiff's receipt of the Right to Sue Letter.


        **WHEREFORE,** Plaintiff prays this Court enters judgment against Defendants and in favor of Plaintiff in an amount of not less than $50,000 to be determined at trial, award Plaintiff attorney's fees and all costs incurred in pursuing this matter, and any other relief this Honorable Court deems appropriate.

        A.      Award Plaintiff compensatory damages equal to the additional pay, additional overtime pay, vacation days, and benefits he would have been entitled but for Defendants age discrimination, and;

        B.      Award such other relief as this Court deems just and appropriate.

## COUNT II
## DISABLITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, AS AMENDED

30.     Plaintiff hereby incorporates and re-allege the allegations in paragraph 1 through 21 as if the allegations are set forth herein.

31.     Plaintiff is covered by the ADA's protected class of workers with a disability because he suffers from Atrial Fibrillation and Coronary Artery disease and has undergone several surgeries to treat his heart condition.

32.     From November 14, 2011 to April 6, 2017, Plaintiff applied for at least 30 available fulltime positions with Defendants as a Radiology Technician or Radiology Technologist, positions that he had the qualifications and experience for, and other available fulltime positions that he was more than qualified for.

33.     Until April 6, 2017, Defendants denied hiring Plaintiff to fulltime positions that he was qualified for and hired employees who did not suffer from disabilities to the positions.

34.     Defendants unlawfully discriminated against Plaintiff when it denied him fulltime employment based on his disability.

35.     As a proximate result of Defendants actions, Plaintiff has suffered severe economic losses, including loss of fulltime employment, future pay, overtime pay, vacation days, and benefits.

36.     On July 3, 2014, Plaintiff filed his initial charge of disability discrimination with the EEOC.

37.      On or about July 3, 2014, the EEOC investigated Plaintiff's charges and on May 21, 2017, Plaintiff received his right to sue letter. This action is filed within 90-days of Plaintiff's receipt of the Right to Sue Letter.

    **WHEREFORE,** Plaintiff prays this Court enters judgment against Defendants and in favor of Plaintiff in an amount of not less than $50,000 to be determined at trial, award Plaintiff attorney's fees and all costs incurred in pursuing this matter, and any other relief this Honorable Court deems appropriate.

      A.      Award Plaintiff compensatory damages equal to the additional pay,

additional overtime pay, vacation days, and benefits he would have been entitled but for

Defendants discrimination based on disability, and;

      B.      Award such other relief as this Court deems just and appropriate.


Respectfully submitted,


_/s/ Don V. Villar_____
Don V. Villar


**Shaw Legal Services**
**540 W. Briar Ste B**
**Chicago, IL 60657**
**(773) 549-9500**
**(773) 549-9503**